# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

HASSAN DIAB,             Case No.: 4:21-cv-10129-SDD-APP

    Plaintiff,             **Honorable Stephanie Dawkins Davis**

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.

_____/

## AGREED PROTECTIVE ORDER

The parties to this action have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

**1**      **Definitions.** As used in this protective order:

    (a)      "attorney" means an attorney who has appeared in this action or is an employee of any named firm and actively assisting an attorney of record in the matter;

    (b)      "confidential" means information, including documents, reasonably designated as confidential under this protective order. "Confidential" includes protected information, such as commercial or financial information, confidential third-party information, or other information that may cause harm to the producing party or a non-party;

    (c)      "document" means information disclosed or produced in discovery,

including at a deposition;

(d) "notice" or "notify" means written notice, including email;

(e) "party" means a party to this action; and

(f) "protected document" means a document protected by a privilege or the work- product doctrine.

**2    Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential:

(1) after the deposition, by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

(a) Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law. Nothing in this Order shall be construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary trials.

**3**     **Use of Confidential Information.**

(a) All documents, transcripts, information, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive

purposes or for any purpose whatsoever other than solely for the preparation and trial of this action, as well as related settlement negotiations, in accordance with the provisions of this Order.

(b) No information designated under this Order may be disclosed to any person except as follows:

    (1) the Court and its staff;

    (2) an attorney or an attorney's partner, associate, or staff;

    (3) a court reporter or videographer retained in connection with this action;

    (4) a party (subject to paragraph 2(c)); and

    (5) experts or consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgement attached hereto.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**4**   **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**5**     **Use of a Confidential Document in Court.**

    (a)     Filing. This Order does not authorize the filing of any documents or other matters under seal. In all circumstances, a party seeking to file such items under seal shall comply with E.D. Michigan LR 5.3.

    (b)     To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such portions thereof as "Confidential," and shall file them with the clerk under seal in accordance with E.D. Michigan LR 5.3.

    (c)     In addition, the entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which are not to be publicly disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential.

**6**     **Changing a Confidential Document's Designation.**

    (a)     Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b) Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c) Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the non-challenging party may file a motion seeking a protective order concerning the specific document, seeking to have the court designate it as confidential. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d) If the motion affects a document produced by a non-party, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

(e) The failure of any party to challenge a designation does not constitute

a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

**7**     **Handling a Confidential Document after Termination of Litigation.**

   (a)     Within 60 days after the termination of this action (including any appeals), each party must return or destroy all confidential documents, regardless of the medium in which it was stored. The receiving party must certify to the designating party that all designated information under this Order has been destroyed.

   (b)     Notwithstanding the foregoing paragraph, each attorney may retain a copy of any confidential document submitted to the court.

**8**     **Inadvertent Disclosure or Production to a Party of Privileged Information.**

   (a)     Notice.

       (1)     A party or non-party who discovers that it has inadvertently disclosed or produced information that it reasonably believes is subject to protection under the attorney-client, work-product or trial-preparation privileged, then it must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived.

   (b)     Handling of Protected Document. A party who is notified or discovers

that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B) and, to the extent necessary, E.D. Michigan LR 37.1 before seeking Court intervention to resolve any related dispute.

**9**     **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

WHEREFORE, the Parties, by their respective counsel, hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

**IT IS SO ORDERED**.

Dated: July 8, 2021

_____
HON. ANTHONY P. PATTI
UNITED STATES MAGISTRATE JUDGE

AGREED TO:

| | |
|---|---|
| */s/ Tarek N. Chami* | */s/ Anthony C. Sallah* |
| Tarek N. Chami, P76407 | Anthony C. Sallah |
| CHAMI LAW, PLLC | BARNES & THORNBURG LLP |
| 22000 Michigan Ave, Suite 200 | 171 Monroe Ave NW, |
| Dearborn, MI 48124 | Suite 1000 |
| T: (313) 444-5029 | Grand Rapids, MI 49503 |
| F: (888) 428-7911 | Telephone: (616) 742-3930 |
| tarek@chamilawpllc.com | Facsimile: (616) 742-3999 |
| *Attorney for Plaintiff* | asallah@btlaw.com |
| *Hassan Diab* | *Attorneys for Defendant* |
| | *JPMorgan Chase Bank, N.A.* |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

HASSAN DIAB,    Case No.: 4:21-cv-10129

    Plaintiff,    **Honorable Stephanie Dawkins Davis**

v.

JPMORGAN CHASE BANK, N.A.,

    Defendant.
_____/

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I have read, and agree to be bound by, the protective order in the case captioned Hassan Diab v. JPMorgan Chase Bank, N.A., Case No. 4:21-cv-10129 in the United States District Court for the Eastern District of Michigan. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                     Signature

                                                     _____
                                                     Printed Name